LAW OFFICE OF
# MICHAEL K. BACHRACH
276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *  
* admitted in N.Y., MN and D.C.

http://www.mbachlaw.com  
michael@mbachlaw.com

May 30, 2019

**By ECF and by email**
**Hard Copy to Follow**

The Hon. William F. Kuntz
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> *Re: United States v. Ali Saleh,*
> *18 Cr. 468 (WFK)*

Dear Judge Kuntz:

We represent Defendant Ali Saleh in the above-referenced matter and write in advance of trial to provide a written record of certain of Defendant's objections to the Government's Requests to Charge, dated, May 28, 2019 (Doc. No. 28).

Our written objections are as follows:

### 1. **Objection to Gov't Request No. 17 (Basing Verdict on Sympathy)**

The defense has no objection to instructing the jury that its verdict should not be based on sympathy, however, if the Court chooses to do so then the instruction should be fairly balanced and carry equal weight in relation to both a conviction and an acquittal.

The Government's proposed language is adapted from Sand, Modern Federal Jury Instructions, Instr. 2-12, but omits some language that we believe crucial to ensuring that this charge does not unfairly bias the jury to favor one party over the other. The model instruction from Sand reads:

> If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you must not hesitate because of sympathy, or any other reason, to render a verdict of guilty.

In the Government's version, however, the Government omits from the hesitation language from the first sentence ("If you have a reasonable doubt as to the defendant's guilt, <u>you should not hesitate for any reason to find a verdict of acquittal</u>.") and truncates that part of the instruction to simply read, "If you have a reasonable doubt as to the defendant's guilt, <u>you must find a verdict of acquittal</u>." Because the Government does not similarly truncate the language related to a verdict of guilt, the defense respectfully submits that if this Court chooses to incorporate a sympathy instruction into its Jury Charge, the language from Sand should be followed without amendment or omission to ensure that the jury in not unfairly prejudiced by the charge.

**2. Objection to Gov't Request No. 18 (Punishment)**

The Government has requested that this Court instruct the jury, in sum and substance, that the jury should not allow the defendant's potential punishment to influence its deliberations. To counsel's knowledge, however, the Second Circuit has never endorsed instructing the jury on this issue. This is likely the case because instructing the jury on punishment draws unnecessary attention to an issue that is beyond the jury's role, and neither party can predict how jurors will react once the issue is introduced.

As such, the defense respectfully submits that the jury should only be instructed on the issue of punishment if the defense first opens the door – something that at present we can foresee no need to do.

**3. Objection to Gov't Request No. 20 (All Available Evidence Need Not be Produced)**

The Government proposes that this Court instruct the jury, in relevant part, that "although a reasonable doubt can arise from lack of evidence, I instruct you that the law does not require the government to call as witnesses all persons who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits." Gov't Request No. 20. The defendant objects to the inclusion of this language in this Court's jury charge, and respectfully submits that its inclusion could unfairly prejudice the defendant's right to a fair trial.

The Government is requesting language that has been specifically cautioned against by the Sand treatise. Sand explicitly states:

> No instruction is recommended … to the effect that the prosecution is not legally required to call all witnesses with knowledge of the facts or offer as exhibits all pertinent documents…. It is not recommended for use here, because the failure to call all witnesses with knowledge does not require a cautionary instruction to correct a hidden bias that might influence the jury. When the defense claims that the prosecution does not call cumulative witnesses, the prosecution probably can adequately deal with it on summation.

Sand, Modern Federal Jury Instructions, Commentary to Instr. 4-4, at 4-26, citing, United States v. Johnson, 371 F.2d 800, 807 (3d Cir. 1967), United States v. Armone, 363 F.2d 385 (2d Cir. 1966), Wilson v. United States, 352 F.2d 889, 892 (8th Cir. 1966).

The defense respectfully submits that the caution expressed in Sand should be followed in this case. Not only is a cautionary instruction unnecessary to correct a hidden bias, in this instance the instruction could unfairly prejudice the defendant by creating in the jury a belief that only minimal evidence is required to establish the defendant's guilt, thus watering down the jury's understanding of the Government's burden of proof. For these reasons, the defense respectfully submits that the Government's proposed language should be rejected by this Court.

**4. Objection to Gov't Request No. 21 (Particular Investigative Techniques Not Required)**

The Government's proposed charge is essentially a restatement of Sand, Instr. 4-4 (discussed above), with some added, inflammatory language, while at the same time omitting additional language necessary to ensure a fair and balanced charge.

The Government adds to the proposed charge, "The Government is not on trial," a statement that is both unnecessary and inflammatory. There will be no question in the jurors' minds that Mr. Saleh is on trial, not the Government. Expressly stating such a known and obvious fact could too easily be inferred by the jury as an express admonition from the Court not to trust the arguments of defense counsel, thus implicitly maligning not merely the defendant but his attorneys as well. Such a statement coming from this Court, a person assured of respect and trust, will unfairly prejudice the defendant by thumbing the scales of justice to the Government's aid.

The Government also omits from the proposed change, the long-used statement, "You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look at all of the evidence or lack of evidence in deciding whether the defendant is guilty." Sand, Modern Federal Jury Instructions, Commentary to Instr. 4-4. This statement is essential to ensuring that the entirety of the charge is both fair and balanced, and not unduly prejudicial to either side.

The defense respectfully submits that if this Court chooses to include a charge instructing the jury that specific investigation techniques are not required, then it should do so following the model charge as proposed in the Sand treatise, including all of the language proposed by Sand and omitting the inflammatory language added by the Government. Should this Court choose to do so, the charge would read as follows:

> During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. (For example, no fingerprints were taken an no transmitting device was utilized during the defendant's

      alleged conversations with the agent.)  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look at all of the evidence or lack of evidence in deciding whether the defendant is guilty.  However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.  (There is no requirement to attempt to take fingerprints, or that it offer fingerprints or tape recordings in evidence.) Law enforcement techniques are not your concern.

      Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Sand, Modern Federal Jury Instructions, Inst. 4-4, citing, inter alia, United States v. Saldarriaga, 204 F.3d 50 (2d Cir. 2000), United States v. Cheung Kin Ping, 555 F.2d 1069 (2d Cir. 1977).

      Additionally, this Court should only use this instruction, assuming it chooses to use it at all, if the defense first opens the door to it by "unfairly put[ting] the government's investigat[ive] techniques on trial."  See Sand, Modern Federal Jury Instructions, Commentary to Inst. 4-4, at 4-25; see also id. at 4-25 to 4-26 (for further discussion).

--------------------

      As always, we thank Your Honor for your time and consideration.  Defendant also reserves the right to assert additional objections, orally or in writing, at or before the charge conference in this case.

      Respectfully submitted,

      /S/

      Michael K. Bachrach
      Anthony L. Ricco
      Steve Zissou
      *Attorneys for Defendant Ali Saleh*

cc:    All parties of record (by ECF)