LAW OFFICE OF
# MICHAEL K. BACHRACH
276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *  
* admitted in N.Y., MN and D.C.

http://www.mbachlaw.com  
michael@mbachlaw.com

May 30, 2019

**By ECF and by email**
**Hard Copy to Follow**

The Hon. William F. Kuntz
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: United States v. Ali Saleh,*
*18 Cr. 468 (WFK)*

Dear Judge Kuntz:

We represent Defendant Ali Saleh in the above-referenced matter and write to address a conflict between the Government's Rule 404(b) motions, dated, May 17, 2019 (Doc. Nos. 24, 25), and its Requests to Charge, dated, May 28, 2019 (Doc. No. 28), and request a pretrial ruling to clarify the issue.

**Background**

The Government moved in limine for an order permitting it to, inter alia, admit, pursuant to Fed.R.Evid. 404(b), evidence relating to Mr. Saleh's assaults on Metropolitan Detention Center ("MDC") staff members in or about April 2017, March 2018, and February 2019. See Gov't Letter-Mot., dated, May 17, 2019 (Doc. No. 24). In a docket Order, dated, May 17, 2019, this Court granted the Government's motion.[1]

The Government argues that Mr. Saleh's incidents of assault on MDC staff members are admissible to show his mental state at the time of the assault and that the acts "are probative of his knowledge and intent," Gov't Letter, dated, May 17, 2019 (Doc. No. 24), at 7, specifically,

---

[1] In a separate docket Order, also dated, May 17, 2019, this Court also granted the Government's motions in limine to preclude the defense from raising certain defenses and lines of cross-examination. See Gov't Letter-Mot., dated, May 17, 2019 (Doc. No. 25). Both of this Court's orders were issued before defense counsel had the opportunity to respond. We note, for the record, that had we been given the opportunity, we would have opposed the Government's motions in a timely fashion. For purposes of this letter, however, we accept this Court's rulings and proceed accordingly with this Court's ruling in mind.

his "knowledge and intent in assaulting a federal officer," id. at 8, as well as his "motive to assault MDC officers in the charged offense," id. (because the victim alleged in the present offense, Lamont Cook, was also the victim of one of Mr. Saleh's prior disciplinary infractions). The Government also argues "[t]hese prior acts go to Defendant's Saleh's motive and are [also] admissible for that non-propensity purchase under Rule 404(b)." id. at 9.

Putting aside Defendant's position that the acts in question are being offered for nothing more than to show bad character and propensity, a position this Court has implicitly rejected through its May 17, 2019, Orders, the Government's Rule 404(b) arguments appear to conflict with the Government's Requests to Charge, wherein the Government requests that this Court charge the jury on the elements of Count One (Assault of a Federal Officer) that omits a motive requirement, thereby limiting intent simply to the question of whether the assault was "willful," and limiting the question of knowledge solely to whether the victim was a Corrections Officer, a fact that the defense will not dispute. See Gov't Requests to Charge, dated, May 28, 2019 (Doc. No. 28), at 4, 8, 9.

The Government cannot, however, have it both ways. Either the Government can admit "other act" evidence under Rule 404(b) to establish knowledge, intent, and motive, *because those elements are at issue for the jury to decide*, or the Government cannot admit such evidence because the issues are either not in dispute or not questions for the jury to decide. Permitting the Government to both have its cake and eat it too, however, would unfairly prejudice the defendant for all of the reasons discussed in Rule 403 of the Federal Rules of Evidence, namely, because "the probative value" of the "other act" evidence would be "substantially outweighed by the dander of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, [and] needlessly presenting cumulative evidence."

## **Argument**

Count One of Mr. Saleh's Indictment charges him with Assault of a Federal Officer in violation of 18 U.S.C. §§ 111(a)(1), 111(b). The Government's proposed charge on Count One, reads, in relevant part:

> In order for you to find the defendant guilty of the first count of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, that on or about the date specified in the Indictment, correctional officer Lamont Cook was a federal officer, as I will define that term for you;
>
> Second, that at the time, the defendant forcibly assaulted or resisted or impeded or intimidated or interfered with the victim Lamont Cook;

> Third, that at the time, the victim Lamond Cook was engaged in the performance of his official duties; and
>
> Fourth, that the defendant acted willfully.

Gov't Requests to Charge, dated, May 28, 2019 (Doc. No. 28), at 3-4 (emphasis in original).

The defense will not be contesting that "correctional officer Lamont Cook was a federal officer," nor that Mr. Saleh was aware of that fact. As such, Mr. Saleh's **knowledge** will not be at issue in this trial. See United States v. Mohel, 604 F.2d 748, 754 (2d Cir. 1979) (holding, inter alia, that once an offer is made to stipulate that knowledge will not be at issue, other crimes evidence should be excluded and trial judge should instruct jurors that a stipulation has been made on that element).

The Government also proposes that this Court charge the jury:

> The third element the government must prove beyond a reasonable doubt is that, at the time of the alleged assault, the victim Lamont Cook was engaged in (or was assaulted on account of) the performance of his official duties.
>
> You may find that the victim was so engaged if you find that, at the time of the alleged assault, he was acting within the scope of what he was employed to do….

Gov't Requests to Charge, dated, May 28, 2019 (Doc. No. 28), at 8.

The defense will not be contesting that Officer Cook "was engaged in … the performance of his official duties" and "was acting within the scope of what he was employed to do." As such, if this Court charges the jury in the disjunctive, i.e., that Officer Cook "was engaged in (or was assaulted on account of) the performance of his official duties," as requested by the Government, then Mr. Saleh's **motive** will not be an issue for the jury to determine.

Moreover, in regard to whether this Court should instruct the jury in the disjunctive, rather than in the conjunctive as proposed by the defense, compare Gov't Requests to Charge, dated, May 28, 2019 (Doc. No. 28), at 8, with Defendant's Requests to Charge, dated, May 24, 2019 (Doc. No. 32), at 14, the defense submits that charging in the conjunctive would avoid jury confusion that could be caused by the disparity between the Indictment and the instructions to the jury, since the Indictment lists the relevant language in the conjunctive. See Count One, Indictment ("while [Officer Cook] was engaged in, and on account of, the performance of official duties") (emphasis added). The defense also submits that because the Indictment charges the offense in the conjunctive, the Grand Jury has included motive into the elements required to be established in this case, and permitting the Government to charge the offense in the disjunctive would constructively amend the indictment by omitting motive as a required element.

See United States v. Lisyansky, 806 F.3d 706, 712 (2d Cir. 2015); United States v. Vebeliunas, 76 F.3d 1283, 1290 (2d Cir. 1996).

Thus, the determination of whether the third element of Count One will be charged in the conjunctive or the disjunctive either opens the door to the Government's proposed "other acts" (if charged in the conjunctive as requested by the defense) or shuts the door tight (if charged in the disjunctive as requested by the Government). In either event, the Government cannot have it both ways.

With respect to the Government's final basis for admissibility under Rule 404(b), intent, the Government proposes that this Court instruct the jury:

> The fourth element that the government must prove beyond a reasonable doubt is that the defendant committed the act or acts charged in the Indictment willfully. In other words, you must be persuaded that the defendant acted voluntarily and intentionally, and not by mistake or accident.

Gov't Requests to Charge, dated, May 28, 2019 (Doc. No. 28), at 9.

The evidence in this case will include a surveillance video of Officer Cook retrieving garbage from Mr. Saleh's cell through the food slot in the door. The video will also show that during this event an arm comes through the slot waiving at Officer Cook with an object, which then appears to strike Officer Cook in the arm. Other evidence will show that Mr. Saleh was the only inmate inside the cell at the time of the incident and that corrections officers thereafter recovered a "shiv" from Mr. Saleh's cell, which the Government believes was the object used to strike Officer Cook, and that Officer Cook thereafter received medical treatment for his injuries.

That evidence, particularly the video and the "shiv", will make it pellucidly clear that Mr. Saleh's actions were willful, thus establishing the only element of intent addressed in the Government's proposed charge, and thereby eliminating any justification for introducing "other act" evidence whose probative value would be substantially outweighed by the danger of "unfair prejudice, confus[ing] the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

Even were this Court to determine that the Government's proffered "other act" evidence survives Rule 403 balancing, see United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994) (explaining that the Second Circuit follows the "inclusionary rule" for Rule 404(b) evidence subject to Rule 403 balancing), Rule 404(b) evidence still may not generally be introduced until the defendant first opens the door to its introduction. See United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992); United States v. Colon, 880 F.2d 650, 660-61 (2d Cir. 1989).

Here, if this Court chooses to adopt the Government's proposed charge on the elements of Count One, then the defense will have no legitimate manner of challenging the willfulness of Mr. Saleh's conduct. As a result, until such time as we open the door to Mr. Saleh's intent, the

The Hon. William F. Kuntz
May 30, 2019
Page 5 of 5

Government should not be permitted to introduce evidence related to an element that will not be in dispute.

Finally, the defense notes that none of the objections contained in this letter would be relevant if the Government's proposed jury charge was consistent with its Rule 404(b) motion. Since, however, the Government seeks a jury charge that that omits a motive requirement, thereby limiting intent simply to the question of whether the assault was "willful," and likewise limits the question of knowledge solely to whether the victim was a Corrections Officer, the Government has created a situation that obfuscates the bases for the admission of the "other act" evidence proffered in its letter-motion.

## Conclusion

Accordingly, the defense respectfully submits that this Court should either reconsider its prior determination to permit the Government to admit "other act" evidence of assaultive conduct in its case in chief, or adopt Defendant's proposed charge on the elements of Count One, which charges the offense in the conjunctive and thus ***requires*** the Government to establish that Officer Cook was assaulted "on account of" the performance of his official duties.  See Defendant's Request to Charge, dated, May 24, 2019 (Doc. No. 32), at 11-12, 14.

As always, we thank Your Honor for your time and consideration.  Defendant also reserves the right to assert additional objections, orally or in writing, at or before the charge conference in this case.

Respectfully submitted,

/S/

Michael K. Bachrach
Anthony L. Ricco
Steve Zissou
*Attorneys for Defendant Ali Saleh*

cc:     All parties of record (by ECF)