```
                                                                    1

                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK

   - - - - - - - - - - - - - - - -X
   UNITED STATES OF AMERICA,       : 18-CR-468 (WFK)
                                   :
           Plaintiff,              :
                                   : United States Courthouse
         -against-                 : Brooklyn, New York
                                   :
   ALI SALEH,                      :
                                   : Thursday, December 6, 2018
           Defendant.              : 12:00 p.m.
   - - - - - - - - - - - - - - - -X


          TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE WILLIAM F. KUNTZ, II
                    UNITED STATES DISTRICT JUDGE



                       A P P E A R A N C E S:

   For the Government:        RICHARD P. DONOGHUE, ESQ.
                              United States Attorney
                              Eastern District of New York
                              271 Cadman Plaza East
                              Brooklyn, New York 11201
                              BY:  PHILIP SELDEN, ESQ.
                                   Assistant United States Attorney

   For the Defendant:         STEVE ZISSOU & ASSOCIATES
                              42-40 Bell Blvd.
                              Suite 302
                              Bayside, New York 11361
                              BY:  STEVEN ZISSOU, ESQ.

                                            And

                              MICHAEL K. BACHRACH
                              276 Fifth Avenue
                              Suite 501
                              New York, New York 10001.
                              BY:  MICHAEL K. BACHRACH, ESQ.
```

```
Court Reporter:        DAVID R. ROY, RPR
                       225 Cadman Plaza East
                       Brooklyn, New York 11201
                       drroyofcr@gmail.com
```

Proceedings recorded by Stenographic machine shorthand, transcript produced by Computer-Assisted Transcription.

P R O C E E D I N G S

--ooOoo--

(In open court.)

THE COURTROOM DEPUTY:  All rise.

THE COURT:  We will wait for the defendant to be brought in the and then we will take appearances.

(Pause in proceedings.)

THE COURT:  The defendant is being presented.  I will hear from the Government first for appearances and then from Defense Counsel.

MR. SELDEN:  Good afternoon, Your Honor.

THE COURT:  Good afternoon, sir.

MR. SELDEN:  Thank you, Your Honor.  On behalf of the United States, Assistant United States Attorney Phil Selden.  Your Honor, I'm joined at counsel table by Special Agent from the Federal Bureau of Investigation Justin Lewellen.  Good afternoon, Your Honor.

THE COURT:  Good afternoon.  Please be seated, gentlemen, and remain seated throughout the balance of the conference.

1    MR. SELDEN:  Thank you, Your Honor.
2    THE COURT:  Thank you.
3    MR. ZISSOU:  Good afternoon, Your Honor.
4    THE COURT:  Good afternoon.
5    MR. ZISSOU:  Mr. Saleh today is represented by
6  Steve Zissou, Z-I-S-S-O-U.  Mr. Ricco is involved in a
7  hearing in Manhattan.  He sends his regrets for not being
8  here.
9    THE COURT:  I understand.  Thank you.
10   Mr. Bachrach, I have signed the order approving
11 your appointment as being entered and it is received.
12   MR. BACHRACH:  Thank you very much, Your Honor.
13   THE COURT:  Thank you very much.  I appreciate it,
14 sir.
15   And I note the defendant is present.
16   All right.  We are here on a status conference.
17 Just to be clear, Mr. Bachrach, your appearance is in both
18 cases, both 18-CR-517 and 18-CR-418, correct?
19   MR. BACHRACH:  Yes, Your Honor.
20   THE COURT:  Thank you.  The order has been entered
21 and my colleague, Mr. Jackson, our courtroom deputy, has
22 taken case of that.  So thank you very much.
23   MR. BACHRACH:  I appreciate it.
24   THE COURT:  All right.  I will hear from the
25 Government as to where we are in the case and then from the

1  defense counsel.
2          MR. SELDEN:  Thank you, Your Honor.
3          THE COURT:  Proceed.
4          MR. SELDEN:  Your Honor, to date the Government
5  has provided the five discovery productions to the defense,
6  included in those discovery productions are reports of
7  interviews, video of the incident alleged in question, as
8  well as the defendant's statements.  In addition, medical
9  records have been provided to the defense.
10         To date the Government has had an opportunity to
11 review through what we believe the lion's share of the
12 discovery, and we think that the majority of it has been
13 turned over to the defense.  Having an opportunity to meet
14 with the special agent involved in the case, we are still in
15 the process of collecting any outstanding discovery and the
16 supplement, and we believe that the majority of the
17 discovery has been provided.
18         Your Honor, when we most recently meet, Defense
19 asked for several months to review discovery and to take
20 certain steps.  Moving forward, to date the Government
21 believes that in light of the discovery production almost
22 complete, we might reach a point where motion hearings
23 and/or a trial date would be appropriate.
24         Thank you, Your Honor.
25         THE COURT: Well, let me ask you just before I

1  hear from defense counsel, we can do this one of two ways.
2  We can essentially set an appropriate trial date in the
3  vicinity roughly as to June, July, August, and set a motion
4  date that is amenable to both parties.  You can do it by way
5  of stipulation and proposed order or ECF.  Or if you think
6  it would be useful -- and I will hear from Defense Counsel
7  on this, too -- we can have one more status conferences in
8  approximately two to three months to see where we are and
9  whether we need to establish the motion and trial date at
10 that time.
11         So that being said, let me hear from Defense
12 Counsel.  And remain seated, sir.  Just pull the microphone
13 to you.
14         MR. ZISSOU:  Very well, Your Honor.
15         THE COURT:  Thank you, sir.
16         If you hit that button, make sure the little green
17 light is on.
18         MR. ZISSOU:  It's on, Your Honor.  Hopefully one
19 day I'll get to a point where I won't need this, but I've
20 got aways to go.
21         THE COURT:  Lean in, as they say in some circles,
22 to the microphone.  Just do your best.
23         MR. ZISSOU:  Judge, all of those alternatives I
24 think are reasonable.  I should point out that Mr. Selden's
25 representation that he has provided us with discovery

1  material is correct. He's actually been quite professional
2  and Johnny-on-the-Spot, if you will. He's keeping it
3  coming, and we have not had to ask for anything. He seems
4  to anticipate what our needs are. And I think it's correct
5  to say Rule 16, at least, is substantially complete. There
6  will be stragglers coming in, but I don't think anything
7  more will be out there.
8  　　　　　The reason we think a further status conference
9  would be appropriate is that there is an issue that involves
10 the unrelated case before Your Honor. And so for the
11 following reasons, we're going to ask that Your Honor
12 schedule a status conference for both cases. And here's
13 what it is, Judge: As Your Honor may recall, the guilty
14 plea in the related case was on July 24th of 2018. The
15 incident that concerns the case that is on before you today
16 was July 18th. We were not aware that this indictment was
17 coming. It came the following August the 28th. To be sure,
18 it certainly would have been prudent if it was coming to
19 resolve the cases at that time. Indeed, certainly the Court
20 should have been advised we think that a new indictment --
21 not just as a disciplinary matter -- but that a new
22 indictment was coming. At the very least that Mr. Saleh
23 would have had all the information required.
24 　　　　　So we think the --
25 　　　　　THE COURT: Required for what?

Proceedings  7

1     MR. ZISSOU: To enter a knowing and voluntary
2 guilty plea. We think that the timing here may give rise to
3 a motion to vacate his guilty plea on the related case. I'm
4 not suggesting that's a reasonable thing.
5     THE COURT: Let me just understand what you are
6 saying. He is in prison. He allegedly assaults a prison
7 guard, and on that same day he pleads guilty?
8     MR. ZISSOU: No. The 18th is the indictment date
9 for the incident. The 24th is the date on which the guilty
10 plea was entered, same month, July.
11     THE COURT: So he pleads guilty after the
12 incident?
13     MR. ZISSOU: Correct.
14     THE COURT: And you are saying that because he
15 pled guilty after the incident -- and you did not know about
16 the incident; is that what you are telling me?
17     MR. ZISSOU: Well, I think Mr. Ricco knew that
18 there was a disciplinary incident. We did not know that the
19 Government was investigating --
20     THE COURT: Well, put aside whether you knew that
21 the Government was investigating, whether there would be an
22 additional indictment or superseding indictment, my question
23 to you is, did you know that there was an incident that your
24 client had been involved with at the time he pleaded guilty?
25     MR. ZISSOU: Yes, Mr. Ricco was aware.

Proceedings                                                            8

1  THE COURT:  When I say "you," I mean counsel for
2  the defendant.  Counsel --
3  MR. ZISSOU:  That is correct.
4  THE COURT:  -- for the defendant knew that there
5  had been an incident, correct?
6  MR. ZISSOU:  That is correct.
7  THE COURT:  And you are saying that even though
8  counsel, distinguished counsel, experienced counselor for
9  the defendant knew that there had been an incident at the
10 time of the guilty plea, you are saying that may provide a
11 basis for seeking the withdrawal of -- let me finish -- of
12 the guilty plea; is that what you are saying?
13 MR. ZISSOU:  In and of itself, no.  The question
14 really for us is, what did -- just to paraphrase a phrase
15 from -- I think it was Howard Baker in Watergate -- what did
16 the Government know and when did it know?  And so if at the
17 day that guilty plea was taken and a representative of
18 the Government understood that there was an ongoing
19 investigation that may lead to criminal charges, it seems to
20 us, at the very least, that the Government was obliged to
21 inform the Court before we proceeded on that particular day,
22 in addition to the defense, obviously.  I don't mean just
23 the Court prior to --
24 THE COURT:  All right.  It just seems to me you
25 are saying that because your client allegedly assaulted a

*David K. Roy, RPR, CSR, CCR*
*Official Court Reporter*

1  prison guard and that defense counsel knew about it and that
2  your client alleges to plead guilty at a subsequent time,
3  that that should provide a basis, perhaps, for the
4  withdrawal of the guilty plea; is that what you are saying?
5          MR. ZISSOU:  I believe it, at the very least --
6          THE COURT:  Is that what you are saying?  I am
7  just asking if that is what you are saying.
8          MR. ZISSOU:  If the Government knew it was coming.
9  In other words, it's not enough to say, There was an
10 incident, Judge.  Our clients get in incidents at the MDC
11 all the time.  I mean, they're -- they're --
12         THE COURT:  Well, now I am going to have to start
13 asking you what you knew about the incident.
14         Did you just think it was for taking an extra bar
15 of soap in the shower?
16         MR. ZISSOU:  I did not know --
17         THE COURT:  I do not mean you.  I mean your
18 colleague --
19         MR. ZISSOU:  I can't say.
20         THE COURT:  -- who is not here today --
21         MR. ZISSOU:  I can't --
22         THE COURT:  -- to answer these questions.
23         MR. ZISSOU:  I can't say exactly what he knew,
24 Your Honor.  But --
25         THE COURT:  Okay.  I tell you what.  I tell you

1   what I am going to do.  I am going to establish a trial date
2   and a briefing schedule in this case.  I am also going to
3   set another status conference in this case as though between
4   those two items.
5           So, Mr. Jackson, what do we have towards the end
6   of June or the middle of July by way of availability?  I am
7   assuming we are looking at a two- to three-week trial or a
8   two-week trial.
9           MR. ZISSOU:  I couldn't imagine it would last two
10  to three days.
11          THE COURT:  Well, then why don't we say when we
12  have a full contiguous week in that time, let's see what
13  counsels' availability is, and then we can reverse engineer
14  the briefing schedule.
15          MR. ZISSOU:  When I say that, obviously, I seek
16  the advice of Mr. Selden if he thinks we can --
17          THE COURT:  You know, that microphone will really
18  help.
19          MR. ZISSOU:  I beg your pardon, Judge.
20          THE COURT:  Pull it toward you.  Pull it to you,
21  Mr. Zissou.
22          MR. ZISSOU:  I will obviously rely on Mr. Selden's
23  judgment if he thinks --
24          THE COURT:  No.  First I am asking my court deputy
25  to give me his judgment as to when we have availability.

1  Then we will talk to the Government. Then we will talk to
2  you.
3          MR. ZISSOU: Fair enough.
4          THE COURT: Okay. Mr. Jackson, you are on first.
5          THE COURTROOM DEPUTY: Judge, we have availability
6  from July 22nd through July 26th.
7          THE COURT: All right. Does that work for the
8  Government?
9          MR. SELDEN: Yes. Thank you, Your Honor.
10         THE COURT: Does that work for you, and I know you
11 are not speaking for your colleague who is not here. But
12 does that work for you, sir? That is a yes or no.
13         MR. ZISSOU: It does.
14         THE COURT: Okay. How about you? That is a yes
15 or no.
16         MR. BACHRACH: It does not, Your Honor.
17         THE COURT: Okay. Well, back to business.
18         Back to you, what do we have next, Mr. Jackson?
19         THE COURTROOM DEPUTY: A week further or a month
20 out, Judge?
21         MR. BACHRACH: Your Honor, if I may?
22         THE COURT: No, no, you may not.
23         Mr. Jackson?
24         THE COURTROOM DEPUTY: The next week we have
25 available is July 29th through August 2nd.

```
                          Proceedings                      12
```

1           THE COURT:  All right.  Does that work for the
2    Government?
3           MR. SELDEN:  Yes.  Thank you, Your Honor.
4           THE COURT:  Does that work for you?
5           MR. ZISSOU:  All summer works for me, Judge.
6           THE COURT:  Does that work for you?
7           MR. BACHRACH:  No, Your Honor.
8           THE COURT:  Okay.  When do we next have
9    availability, Mr. Jackson?
10          THE COURTROOM DEPUTY:  Once again, Judge, we have
11   the following week August 5th through August 9th.
12          THE COURT:  Does that work for the Government?
13          MR. SELDEN:  Yes.  Thank you, Your Honor.
14          THE COURT:  Does that work for Defense Counsel?
15          MR. ZISSOU:  It does, Your Honor.
16          THE COURT:  Does it work for Defense Counsel?
17          MR. BACHRACH:  Your Honor, I'm booked through the
18   end of August in a capital case, and --
19          THE COURT:  Well, you know, you just asked to come
20   in in this case, and now you are telling me you are booked
21   in a capital case?
22          MR. BACHRACH:  Your Honor --
23          THE COURT:  When are you available?
24          MR. BACHRACH:  Your Honor --
25          THE COURT:  When are you available earlier?

*David K. Roy, RPR, CSR, CCR*
*Official Court Reporter*

1    MR. BACHRACH:  I'm available in June, Your Honor.
2    THE COURT:  All right.
3    Well, what do we have in June, Mr. Jackson?
4    THE COURTROOM DEPUTY:  Okay.  June 3rd,
5 Your Honor, through June 7th.
6    THE COURT:  Is that available to the Government?
7    MR. SELDEN:  Yes.  Thank you, Your Honor.
8    THE COURT:  Okay.  Is that available to you?
9    MR. ZISSOU:  It is, Your Honor.
10    THE COURT:  All right.  That is when we will book
11 the trial, and we will set an appropriate briefing schedule.
12    And now let's talk about the next status
13 conference date, we will have a briefing schedule.  You can
14 submit a proposed joint order on ECF for motions, and if you
15 cannot do it, trust me, I can, and I will.
16    Okay.  When would you like to come back for your
17 status conference, and we will exclude time in the interest
18 of justice?
19    MR. ZISSOU:  Of course.
20    THE COURT:  Complex case and all that.  When would
21 you like to come back for a status conference?
22    The Government first.  It should be a time after
23 you have completed your Rule 16 discovery, and they should
24 have enough time to review it on the defense side.
25    MR. SELDEN:  Thank you, Your Honor.

1        Your Honor, if the Court has time amenable, the
2   last week in January or the first week in February.
3        THE COURT:  Let's look for the first week in
4   February, Mr. Jackson.
5        Do we have availability?
6        THE COURTROOM DEPUTY:  We do, Judge.
7        THE COURT:  The last -- what day, a Friday, let's
8   say?
9        THE COURTROOM DEPUTY:  We have a jury trial
10  scheduled for that day.  We have availability at 12 o'clock
11  noon.
12       THE COURT:  Civil?
13       THE WITNESS:  It is a civil trial, Judge.
14       THE COURT:  Okay.
15       THE COURTROOM DEPUTY:  Correct.
16       THE COURT:  No problem.
17       12:00 noon work on Friday the what, Mr. Jackson?
18       THE COURTROOM DEPUTY:  That is the 8th of
19  February.
20       THE COURT:  Does that work for the prosecution?
21       MR. SELDEN:  Yes.  Thank you, Your Honor.
22       THE COURT:  Does that work for Defense for a
23  status conference?
24       MR. ZISSOU:  Well, Judge, it does, but I --
25       THE COURT:  I like the "it does" part.

1      Let me hear from your colleague.  Does it work for
2  you?
3      MR. BACHRACH:  Most definitely, Your Honor.
4      THE COURT:  Okay.  That is the status conference.
5  And we will exclude time in the interest of justice to that
6  day or --
7      MR. ZISSOU:  Judge --
8      THE COURT:  No, no.  Hang on.  Hang on.  That was
9  not addressed to you.  That was to your client who is -- I
10 am sure had a leg cramp or something.
11     MR. ZISSOU:  Well, we all stood up, Judge.
12     THE COURT:  Yeah.  Well, let's just not do that.
13     MR. ZISSOU:  I didn't.  I felt people standing up,
14 so I stood, too.
15     THE COURT:  Okay.
16     Do you have something else to say?
17     MR. ZISSOU:  So my concern was that the status
18 conference that far out, even though I am available to the
19 Court, will not help us resolve this little concern I have
20 about the timing of the filing of this indictment.  It seems
21 to me that that's kind of a threshold issue.  Depending on
22 how it goes, you know, there may be arguable ineffectiveness
23 claims despite the fact that you appointed a dream team of
24 qualified, cleared, you know, deeply experienced counsel.
25 This kind of --

|   | Proceedings | 16 |
|---|---|---|

```
1              THE COURT:  Do you have a suggestion to make,
2    Counsel?
3              MR. ZISSOU:  Well, I think we should have a status
4    conference with the other case sooner than later.
5              THE COURT:  Okay.  Well, I heard your suggestion.
6    I decline to accept it.  That is the schedule.
7              Anything else?
8              MR. SELDEN:  Not for us, Your Honor.
9              THE COURT:  Anything else?
10             MR. ZISSOU:  I'm just -- I'm thinking.  I hate
11   leaving stuff out.  My --
12             THE COURT:  I heard your suggestion.  The answer
13   is I am not accepting your suggestion with respect to the
14   schedule.
15             MR. ZISSOU:  No, Your Honor, despite anything
16   else, I'm not --
17             THE COURT:  Do you have anything else?
18             MR. ZISSOU:  No, on that.  That's what I'm saying.
19             THE COURT:  Okay.
20             MR. ZISSOU:  I'm just trying to remember if I had
21   anything that I wanted to bring up, and I think the answer
22   is no, Judge.  I thank you for your indulgence.
23             THE COURT:  There you go.
24             Okay.  Mr. Jackson, do you have the form?
25             THE COURTROOM DEPUTY:  Yes.
```

1            Thank you, Counsel.
2            Judge, the order has been signed by Counsel, but
3    not by the defendant.
4            THE COURT:  All right.  I have a waiver of speedy
5    trial and order of excludable delay in this case excluding
6    time in the interest of justice of today's date, December 6,
7    2018 to and including February 8 of 2019.  It has been
8    marked as Court's 1.  It is signed by Defense Counsel, by
9    the Assistant United States Attorney, but not by the
10   defendant.  This has been declared a complex case, and I am
11   excluding time on that basis.
12           The defendant is, I take it, not agreeing to
13   exclude time.  Is that right?
14           MR. ZISSOU:  Well, defense counsel.  The defendant
15   does not want to sign it.
16           THE COURT:  I said the defendant is not.
17           MR. ZISSOU:  He does not --
18           THE COURT:  You might have heard me if you weren't
19   looking at your handheld.
20           MR. ZISSOU:  No, no.  I --
21           THE COURT:  What I said was, the defendant -- I
22   want to confirm.  The defendant has declined to sign the
23   extension of time.
24           Is that right?
25           MR. ZISSOU:  That is correct, Your Honor.

1     THE COURT:  Okay.  That's cool.
2     Okay.  I am entering the order extending time in
3 the interest of justice.
4     Is there anything else?
5     MR. SELDEN:  Nothing further from the Government.
6 Thank you, Your Honor.
7     THE COURT:  Anything from Defense Counsel?
8     MR. ZISSOU:  No, Your Honor.
9     THE COURT:  Thank you.  Have a nice day everybody.
10    MR. ZISSOU:  Thank you, Your Honor.
11    (Matter concluded.)
12                    --ooOoo--
13
14
15
16  *I (we) certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*
17
18    /s/ David R. Roy                January 31, 2019
      DAVID R. ROY                        Date

*David R. Roy, RPR, CSR, CCR*
*Official Court Reporter*